LEE D. MESCOLOTTO, Esquire
Attorney ID 09543
Pacer ID: lm5075:3890843:0
535 East High Street, PO Box 792
Pottstown, PA 19464
610-323-2900/610-323-9013 (fax)
lenod@verizon.net

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. LOCKHOFF,<br>Plaintiff | DOCKET 2016- |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA,<br>THE PENNSYLVANIA STATE POLICE, TROOP K, | |
| and | |
| ISAIAH SLONAKER, IV, individually, and in his<br>Official capacity as a trooper for the Pennsylvania<br>State Police | JURY TRIAL DEMANDED |
| and | |
| STEPHEN M. KAMNIK, individually, and in his<br>Official capacity as a trooper for the Pennsylvania<br>State Police,<br>Defendants | |

## COMPLAINT

1.     This is an action for money damages, declaratory relief and injunctive relief against defendants for violations of plaintiff's clearly established rights under the United States Constitution and the statutes and Constitution of the Commonwealth of Pennsylvania. Plaintiff alleges that defendants Slonaker and Kamnik did engage in official oppression, utilized excessive force in arresting plaintiff, falsely imprisoned plaintiff, illegally searched and seized plaintiff, as well as maliciously prosecuted plaintiff and also intimidated and illegally arrested plaintiff, illegally searched plaintiff's vehicle, unlawfully detained plaintiff and falsely charging plaintiff with numerous violations of the Pennsylvania Criminal Code, as well as injuring plaintiff, in violation of his clearly established constitutional rights.

1

2.    The liability of the Pennsylvania State Police is based upon the actions of its troopers involved in the intimidation, oppression, illegal arrest, illegal search and seizure, detainment and injury of plaintiff, and the state police policy of acquiescing and the unlawful practices of its officers to this plaintiff and others, and the lack of training of its officers and by adopting training practices which encourage its officers to defeat the video recording system in the state police vehicles, by moving plaintiff and other individuals to the rear of the state police vehicle out of the view of the camera, in order to avoid the video recording of the tactics utilized in effecting an arrest or otherwise adopting a policy of concealing excessive use of force by such tactics.

JURISDICTION

3.    This action is brought pursuant to 42 USC §1983 and §1988, 28 USC §2201 and §2202, FRCP 65 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4.    Jurisdiction is founded upon 28 USC §1331 and §1343(a)(3) and (4) and on the aforementioned statutory and constitutional provisions.    Plaintiff further involves the pendent jurisdiction of this Court to hear and decide claims and accord relief under the Constitution and statutes of the Commonwealth of Pennsylvania.

5.    The amount in controversy exceeds one hundred fifty thousand ($150,000.00) dollars, exclusive of interest, attorneys fees and other costs.

PARTIES

6.    Plaintiff, Michael E. Lockhoff, is an adult individual, who resides at 195 East 8th Street, Pennsburg, Montgomery County, Pennsylvania.

7.    At all times incident hereto and on the date of the within incident, the plaintiff, Michael E. Lockhoff, was a minor, having been born on March 31, 1998 and being 17 years old on July 29, 2015.

8.    Defendant, Isaiah Slonaker, IV, is an adult individual who, at all times relevant hereto, was a duly appointed and active member of the Pennsylvania State Police, Troop K.

9.     Defendant, Stephen M. Kamnik, is an adult individual who, at all times relevant hereto, was a duly appointed and active member of the Pennsylvania State Police, Troop K.

10.    Defendant, Pennsylvania State Police, Troop K, is an agency of the Commonwealth of Pennsylvania, with an office located at  2047 Bridge Road, Schwenksville, Pennsylvania 19473.

11.    At all times mentioned herein, Isaiah Slonaker, IV and Stephen M. Kamnik, were acting under color of law; to wit, under color of the statutes, ordinances, regulations, directions, policies, customs, court orders and usages of the Commonwealth of Pennsylvania and/or Montgomery County in the Commonwealth of Pennsylvania.

12.    On July 29, 2015, at approximately 12:25 p.m., plaintiff was driving a 2002 Volkswagen Passat which, at all times relevant hereto, was legally registered and insured in the Commonwealth of Pennsylvania, in the name of Alma Lockhoff, northhound on PA Route 29 in the Borough of Pennsburg, Montgomery County, Pennsylvania.  Plaintiff made a left turn at the intersection of PA Route 29 and PA Route 663, in a southbound direction.

13.    Upon plaintiff making the turn, a Pennsylvania State Police car, later known to be operated by defendants Slonaker and Kamnik, began following plaintiff's vehicle.   Plaintiff proceeded southbound on PA Route 663 outside of the Pennshurg Borough limits, into Upper Hanover Township, Montgomery County, and made a left hand turn at the intersection of PA Route 663 and Montgomery Avenue.

14.    After proceeding approximately one-quarter of a mile on Montgomery Avenue, plaintiff observed the police car's lights flash and he immediately pulled his vehicle to the side of the road.

15.    Defendant Kamnik approached the vehicle and requested plaintiff's license, registration and insurance, a request to which plaintiff complied.

16.    Defendant Kamnik then told plaintiff that his vehicle "smelled like pot," and asked plaintiff if he had any "pot" in the car, to which plaintiff responded, "No, sir." Defendant Kamnik asked plaintiff if he smoked pot in the car, whether his friends had pot in the car and whether his friends smoked pot in the car.  Plaintiff responded in a negative fashion to all questions.

3

17.     Defendant Kamnik then repeated the line of questioning as to the presence of pot in plaintiff's vehicle at least two more times. Plaintiff repeated that there was no pot in the vehicle, he did not smoke pot in the vehicle, and his friends did not store or smoke pot in the vehicle.

18.     Defendant Kamnik told plaintiff to get out of the vehicle. Plaintiff questioned why he was being asked to get out of the vehicle during a traffic stop and asked that he just be given the traffic citation to which Kamnik said that he didn't want to stand in the road and wanted to discuss the traffic stop at the rear of the vehicle. Defendant Kamnik then told plaintiff he could make "this easy or difficult," and "Either you get out of the car now, or I'm going to pull you through the window." Plaintiff responded that this was stupid and a waste of time.

19.     Plaintiff told defendant Kamnik that he was rolling up the windows on the vehicle and locking the doors, to which defendant Kamik said "That's fine." Plaintiff rolled up the windows, exited and locked the vehicle, pocketed his car keys and cell phone in the khaki shorts he was wearing.   Plaintiff then went to the back of his vehicle to discuss the traffic stop, in full view of the police video recording camera.

20.     Defendant Kamnik told plaintiff that plaintiff's putting his hands in the pockets of his shorts was making the troopers nervous and asked to search plaintiff's person.

21.     Defendant Kamnik then bent plaintiff over the back of the dark blue Passat, aggressively patted down plaintiff and verified the presence of plaintiff's car keys and cell phone in the pockets of plaintiff's shorts.    The interrogation of plaintiff then continued as to the presence of pot, who smoked pot in plaintiff's vehicle, whether there was pot in plaintiff's vehicle, etc. Plaintiff responded "no sir" or "no officer" to all continued questions regarding the presence of pot in the 2002 Volkswagen Passat.

22.     Defendant Kamnik again asked plaintiff to consent to the search of his vehicle, to which plaintiff responded that he did not consent to the search of his vehicle.

23.     Defendant Kamnik asked why plaintiff would not agree to a search of his vehicle. Plaintiff responded that there was no reason for a search of the vehicle, he was not committing any crime and he didn't like when people went through his things.    Defendant Kamnik told plaintiff to turn around, a request to which plaintiff complied.

4

24.   Defendants Kamnik and Slonaker, illegally and without reason or cause of any sort, viciously grabbed plaintiff by the neck and pushed his face into the back window of the vehicle, put plaintiff's hands behind his back and placed handcuffs on his wrists.

25.   Due the heat of the trunk and back window of the car (the temperature outside was over 90 degrees Fahrenheit) and due to the excessive force and the time in which the defendants slammed plaintiff's head, thereby banging his head off the rear window, plaintiff struggled against the heat and obvious violation of his civil rights. Plaintiff's cheek, eye and face was reddened during their illegal action of affecting this arrest for no cause.

26.   After plaintiff was handcuffed, he was taken to the rear of the police car and assaulted by police out of view of the video camera, and one of the defendants then threw plaintiff to the ground and placed him into a choke hold. Plaintiff yelled, "Where are my rights! Why are you doing this!" The defendants then put their knee and boot into plaintiff's back, and due to the unnecessary brutality and obvious violation of plaintiff's civil rights, caused abrasions and contusions, which scars remain to this date.

27.   During this abusive and malicious act of willful misconduct, plaintiff's sunglasses fell onto the grass. Defendants then stood plaintiff up behind the vehicle. Plaintiff asked the defendants to pick up his sunglasses, as he had just purchased them with money he earned while working all summer mowing lawns for a local landscaping company. Defendant Kamnik held his boot over the sunglasses and asked plaintiff if these were the sunglasses, to which plaintiff asked him not to step on them. Defendant Kamnik then crushed the sunglasses with his boot, to plaintiff's financial detriment, humiliation and dismay, and told plaintiff to "work a little harder for things."

28.   As a result of the illegal, willful and wonton conduct of defendants, plaintiff's lower back was cut and scraped and bloodied during this unnecessary brutality which, to this date, is scarred.

29.   Plaintiff was then placed in the rear seat of the police car and one of the defendants reached into the front area of the police vehicle and turned off the air conditioning, despite it being July and roughly 90 degrees outside.

30.     At no time during this arrest and episode of police brutality, as well as the illegal search of plaintiff's vehicle and unlawful arrest did either defendant make an attempt to contact plaintiff's legal guardian; nor did they read plaintiff his rights, in obvious and blatant violation of the Pennsylvania Juvenile Code.

31.     The defendants called for impoundment of plaintiff's vehicle and a local tow company, Rick's Auto, arrived to impound plaintiff's vehicle. Defendant Kamnik then searched plaintiff's vehicle despite the fact that no search was warranted or consented to by plaintiff or the legal owner of the vehicle and was done without any probable cause. Plaintiff's refusal to consent to an search of his vehicle is not a cause for arrest, detainment nor a cause of violation of plaintiff's 4th Amendment rights.

32.     Plaintiff was forced to sit in the rear seat of the police car, in July, with the heat on, for a period of at least 20 minutes, while defendants waited for the tow vehicle to arrive and the vehicle to be lifted onto the roll back. Defendants then searched plaintiff's vehicle, finding no illegal items whatsoever.

33.     Defendants returned to the police car, after directing the employee of Rick's Auto to impound the vehicle, to plaintiff's financial detriment, as the one mile tow cost $190.00, and entered the police vehicle, transporting plaintiff to the Skippack barracks of the Pennsylvania State Police, a distance of approximately 12 miles.

34.     During the ±12 mile drive to the barracks, the video camera seemed to capture no sound

35.     At no point during the ±12 mile drive to the barracks, did the defendants make any attempt to contact plaintiff's parents, read him his rights, or ask if he wanted to speak to an attorney, in direct violation of plaintiff's civil liberties and the Pennsylvania Juvenile Act.

36.     Upon arrival at the Skippack barracks of the Pennsylvania State Police, plaintiff was finger-printed and shackled to a wall within the barracks processing room, for a period in excess of one hour.

37.     During this time, plaintiff was subjected to harassment and verbal abuse by not only defendants, but other members of the Pennsylvania State Police; including but not limited to:

6

a.    one of the troopers making a comment that plaintiff's brother was charged with stealing a car, to which plaintiff responded that the Pennsylvania State Police never charged his brother with anything. Trooper Christopher Poulson then commented, "His family is a bunch of fucks anyway," a comment which served no purpose but to humiliate and intimidate plaintiff and suggest to plaintiff that the history his brother had with the Pennsylvania State Police and its agents, servants and employees, has caused the troopers to harass, intimidate and embarrass plaintiff and his family, for no purpose whatsoever. Plaintiff's brother is a minor, and to this date, has not been charged with any crimes by the Pennsylvania State Police.

b.    Upon the entrance into the room where defendant Kamnik held plaintiff of any state trooper, defendant Kamnik alerted each officer to his fabricated "arrest" of plaintiff, subjecting him to humiliation by adult members of the Pennsylvania State Police, suggesting that plaintiff "tried to get away" or "tried to resist arrest," in violation of every regulation, as well as the criminal code of "innocent until proven guilty," which obviously doesn't apply in state police barracks, where a minor is denied his civil rights, his Miranda rights and any rights afforded him in the Pennsylvania and United States Constitution and Pennsylvania Juvenile Act. Defendant Kamnik's comments to the other troopers invited their humiliating and harassing comments directed at plaintiff.

c.    One of the defendants told plaintiff they found the "secret hiding spot" and would be charging him for same, as it's illegal, in the 2002 Volkswagen Passat, which is nothing more than a compartment within the trunk of the vehicle, installed by the manufacturer, and intended to store a first aid kit, if that is even what the defendants were referring to, as there is no "secret hiding spot" in the 2002 Volkswagen Passat that plaintiff or the legal owner of the vehicle is aware.

38.    At approximately 2:23 pm, a phone call was receive by Alina Lockhoff, plaintiff's mother, on her cell phone number from the Pennsylvania State Police. A male individual hastily identified himself and told her to "come pick up her son" at the state police barracks. Alina Lockhoff asked him which son, to which the unidentified male responded: "Your son." Alina Lockhoff repeated, "which son?" and the unidentified male finally responded that it was her son, Michael. Alina Lockhoff asked why Michael was at the barracks, to which the unidentified male

responded that her son was arrested for possession and resisting arrest. When plaintiff's mother asked for clarification, she was told by the caller that he would discuss it with her upon her arrival and she should make an effort to get there as soon as possible. Plaintiff's mother stated that she worked in Pottstown and it would take her at least a half an hour to arrive.

39.    Upon plaintiff's mother's arrival at the Pennsylvania State Police barracks in Skippack, she was told to wait in the vestibule. Moments later, plaintiff was escorted to the vestibule, in handcuffs by 2 unidentified state police troopers. One of the officers removed the handcuffs, handed plaintiff's mother a manila envelope (later determined to hold plaintiff's wallet, license, insurance identification card and the vehicle registration) and turned to walk away, offering no explanation, nor any courtesies of any nature to plaintiff's mother or plaintiff, a direct violation of the Pennsylvania Juvenile Code.

40.    Plaintiff's mother asked where the car was. One of the troopers, who did not stop or turn, shrugged and responded, "dunno," and continued to walk back through the door of the vestibule to the barracks. Plaintiff's mother demanded clarification of his "dunno" answer, and plaintiff told his mother that the car had been towed by Rick's. The unidentified trooper then said, "There you go. It's at Rick's," and closed the door between plaintiff, his mother and the barracks.

41.    32 days after the incident, defendant Kamnik apparently completed a Written Allegation, fraught with incredible allegations of plaintiff's "disorderly conduct," and other violations, and filed said Written Allegation with the District Attorney of Montgomery County Court, as follows:

        a.    2 counts of Marijuana Small Amt Personal Use, 35 PaCSA §780-113.A.31.

        b.    13 counts of Use/Possession of Drug Parapharnalia – 35 PaCSA §780-113.A.32.

        c.    Resisting Arrest/Other Law Enforcement – 18 PaCSA §5104.

        d.    Disorderly Conduct Engage in Fighting – 18 PaCSA §5503.A.1.

        e.    Disorderly Conduct Obscene Language/Gestures – 18 PaCSA §5503.A.3.

42.     On December 14, 2015, an Adjudicatory Hearing was held in the Montgomery County Juvenile Division, and all of the above charges were dismissed and the matter terminated in plaintiff's favor.

43.     Defendants, Kamnik and Slonaker, and the Pennsylvania State Police, in flagrant violation of police procedures, as well as plaintiff's civil rights, unlawfully detained plaintiff; specifically in the summer heat turned off the air conditioning in the vehicle, handcuffed him, and subjected him to physical and verbal harassment in violation of plaintiffs First, Fourth and Fourteenth Amendment rights and in violation of the Pennsylvania Constitution, and caused plaintiff to sustain serious and permanent injuries, including scarring.

44.     Defendants Kamnik and Slonaker, unlawfully questioned plaintiff, and physically and verbally intimidated him to such an extent as to force him to comply with their demand for him to exit the vehicle and have his vehicle searched, in direct violation of plaintiff's civil rights, the Juvenile Act and Pennsylvania law which states that there must be "probable cause" to search a vehicle, not harassment and physical force to comply with an unlawful demand.

45.     Defendants, Kamnik and Slonaker, unlawfully detained and imprisoned plaintiff, a minor, for no reason, while endangering his health and welfare by subjecting him to verbal and physical abuse and, as a result, plaintiff still experiences the effects thereof; that is, humiliation, fear of police and embarrassment and serious and permanent injuries.

46.     Defendant, Pennsylvania State Police, knew or should have known of proper police procedure and yet, unlawfully instructed its department's troopers to detain, interrogate and impede another's rights; specifically, a minor, to the enjoyment of certain rights and privileges in direct violation of the Pennsylvania Juvenile Code, the United States Constitution and the Pennsylvania Constitution and condoned and encouraged its troopers to avoid the video camera while arresting an individual, in order to avoid filming the use of force which, in some cases, would be excessive, by the Pennsylvania State Police.

47.     Defendants Kamnik and Slonaker, and the Pennsylvania State Police, in flagrant violation of the governing policies and procedures, in direct contempt for the amendments of the Constitution of the United States of America, and for no reason whatsoever, instructed its troopers to unlawfully detain the traffic stop of plaintiff and, despite there being no illegal item in

9

"plain sight," demanded that plaintiff consent to a search of his vehicle and arrested him because of his refusal to consent to the vehicle search, failed to advise plaintiff of his Miranda Rights by never telling plaintiff he had a right to remain silent or the right to contact his attorney, nor contacted the minor's legal guardian/parent.

48.     By acting as described above, all of the defendants deprived plaintiff of the following clearly established and well settled Constitutional rights:

        a.     Freedom of expression;

        b.     Freedom from the use of excessive and unreasonable force;

        c.     Freedom from cruel and unusual punishment;

        d.     Freedom from the deprivation of liberty without due process of law;

        e.     Freedom from unlawful detainment;

        f.     Emotional distress;

        g.     Humiliation; and

        h.     Mental suffering.

49.     Plaintiff did not violate any Pennsylvania Criminal statutes, but was subject to malicious prosecution by defendants and had to defend the false charges filed against him in Juvenile Court.

50.     As a direct and proximate result of the defendants' conduct, plaintiff was deprived of his physical liberty and suffered severe emotional and mental pain, humiliation and mental suffering, serious injuries which he believes are severe and permanent by defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, wherein its troopers from Troop K were continually engaged in uncoustitutional conduct and it acquiesced such nnconstitutional conduct as the use of excessive force, the making of illegal arrests, and the like.

51.     Commonwealth of Pennsylvania, Pennsylvania State Police, maintained a policy and custom of allowing its troopers, and specifically the ahove-named officers, to use unreasonable force against the citizens of Pennsylvania to falsely arrest and maliciously prosecute individuals against whom they use excessive force, in an effort to cover up, defend or justify the unreasonable use of force.

52.     As a direct and proximate result of the policies of the Commonwealth of Pennsylvania, Pennsylvania State Police, unconstitutional customs, polices or practices, and the acquiescence by the supervisors of Troop K, the plaintiff's constitutional rights were violated and he was severely injured.

53.     As a direct and proximate result of the use of unreasonable force against the plaintiff, defendants Kamnik and Slonaker violated plaintiff's rights under the Fourth and Fourteenth Amendment of the Constitution, as well as the laws of the Commonwealth of Pennsylvania and also violated the arrest and juvenile processing procedures as set forth in the Juvenile Code.

54.     As a direct and proximate result of the use of unreasonable force against the plaintiff, defendants Kamnik and Slonaker caused plaintiff to suffer extreme physical harm, emotional harm and economic loss, incur medical bills and the necessity to expend funds for a criminal defense to defend against the crimes of which he was accused, and which were all dismissed by the Court.

COUNT I

42 USC §1983 and §1988

Unreasonable and Excessive Force

Michael E. Lockhoff v. Isaiah Slonaker, IV and Stephen M. Kamnik

55.     Paragraphs 1 through 54 are incorporated herein by reference and made part hereof, as if they were more fully set forth at length.

56.     As aforesaid, defendants Slonaker and Kamnik, acting within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the Commonwealth of Pennsylvania, Pennsylvania State Police, deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Pennsylvania and the United States; in particular the right to be free from the excessive or unreasonable use of force by an officer, which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

57. As aforesaid, defendants Slonaker and Kamnik, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Commonwealth of Pennsylvania, Pennsylvania State Police, intentionally and maliciously assaulted and battered plaintiff, and placed her in fear of imminent bodily hard without just cause or provocations, all of which actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

58. As aforesaid, defendants Kamnik and Slonaker, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Commonwealth of Pennsylvania, Pennsylvania State Police, maliciously assaulted and battered plaintiff and used their positions of authority illegally and improperly to punish plaintiff, hy the above-described actions, all of which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the Commonwealth of Pennsylvania, out of the view of the dash camera of the police cruiser in order to avoid documentation of the use of excessive force by its officers.

59. As a direct and proximate result of the malicious, intentional and reckless actions and the willful misconduct of defendants, Kamnik and Slonaker, plaintiff, Michael E. Lockhoff, a minor at the time of the incident, suffered injuries which are described above.

60. The above-described actions of defendants Kamnik and Slonaker in their individual capacities were so malicious, intentional and reckless and displayed such a reckless indifference to plaintiff's rights and well-being, that the imposition of punitive damages is warranted, specifically due to the fact that plaintiff was intentionally moved from the view of the dash camera, in order to avoid documentation of the officers' reckless tactics.

61. The unlawful detainment of plaintiff by defendants Kamnik and Slonaker, was entirely unjustified by the actions of plaintiff and constituted a cruel, unusual, unreasonable and excessive use of official oppression.

WHEREFORE, pursuant to 42 USC §1983 and §1988, plaintiff, Michael E. Lockhoff, a minor, demands compensatory damages against defendants Kamnik and Slonaker, jointly and/or

severally, and punitive damages against defendants Kamnik and Slonaker, in their individual capacity, in an amount sufficient to adequately and fairly compensation plaintiff and punish and deter such conduct on the part of defendant, along with interest, costs, attorney's fees and delay damages.

COUNT II

42 USC §1983 and §1988

False Arrest and False Imprisonment

<u>Michael E. Lockhoff, a minor v. Stephen M. Kamnik and Isaiah Slonaker, IV</u>

62.     Paragraphs 1 through 61 are incorporated herein by reference and made part hereof, as if they were more fully set forth at length.

63.     As aforesaid, defendants Kamnik and Slonaker, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Commonwealth of Pennsylvania, Pennsylvania State Police, deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the State of Pennsylvania and the United States; in particular, the right to be free from false arrest and false imprisonment by an officer, which violated plaintiff's rights under the Fourth and Fourteenth Amendment to the Constitution of the United States, and the laws of the Commonwealth of Pennsylvania.

64.     As aforesaid, defendants Kamnik and Slonaker, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, intentionally and maliciously arrested, imprisoned, detained, humiliated and insulted plaintiff, and used their position of authority to illegally and improperly punish plaintiff by their above-described actions, all of which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

65.     The conduct of defendants Kamnik and Slonaker, in causing plaintiff to be falsely arrested and imprisoned on the aforementioned occasion was the proximate cause of plaintiff's damages including, but not limited to physical injury, emotional damage and economic loss.

WHEREFORE, plaintiff, Michael E. Lockhoff, who was a minor, demands compensatory and punitive damages against defendants Kamnik and Slnaker, for the violations of his Fourth and Fourteenth Amendment rights to be free from false arrest and false imprisonment and is rights under the laws of the Commonwealth of Pennsylvania to be free from false arrest and false imprisonment in an amount sufficient to adequately and fairly compensate plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

## COUNT III

### Failure to Train and Supervise – Monell Claim

### Michael E. Lockhoff v. Commonwealth of Pennsylvania,
### Pennsylvania State Police

66.     Paragraphs 1 through 65 are incorporated herein by reference and made part hereof, as if they were more fully set forth at length.

67.     Plaintiff believes and therefore avers that defendant, Commonwealth of Pennsylvania, Pennsylvania State Polices, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or the acquiescence of violating the constitutional rights of citizens including, but not limited to, a policy of allowing excessive or unreasonable force, falsely imprisoning and maliciously prosecuting innocent people, which policy is in violation of the Constitution and in violation of 42 USC §1983.

68.     Plaintiff believes and therefore avers that defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restrains on the police power to use reasonable force, to falsely arrest, falsely

imprison and maliciously prosecute individuals without probable cause and/or legal justification which policy violates the Fourth and Fourteenth Amendment of the Constitntion of the United States and the laws of the Commonwealth of Pennsylvania.

69. Defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, have been deliberately indifferent to the rights of citizens to be free from unreasonable force, false arrests, false imprisonment and malicious prosecution which deliberate indifference violates plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the Unites States and the laws of the Commonwealth of Pennsylvania.

70. Plaintiff believes and therefore avers that at the time of the aforementioned incident, defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, knew or should have known of the above described policy, custom and/or practice of the Commonwealth of Pennsylvania, Pennsylvania State Police, and it deliberately, knowingly and/or intentionally failed to take measures to stop or limit the policy including, inter alia, providng proper training, directives, supervision, discipline and control of the offices, agents and/or employees of the Commonwealth of Pennsylvania, Pennsylvania State Police.

71. Plaintiff believes and therefore avers that at the time of the incidents alleged in plaintiff's complaint, defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, knew or should have known of the above-described policy, custom and/or practice of the Commonwealth of Pennsylvania, Pennsylvania State Police and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and/or practice inclnding, inter alia:

a. Failure to prevent the use of unreasonable force, false arrest, false imprisonment and malicious prosecution upon persons by the Commonwealth of Pennsylvania, Pennsylvania State Police;

b. Failure to have clear, concise and appropriate police directives regarding proper standards for use of force and probable cause for arrest and prosecution;

c. Failure to properly supervise and/or control its officers;

d. Failure to have proper counseling, use of force retraining, sensitivity training, psychiatric evaluations or supervisory briefing/discussions with members of its police

15

department with prior and ongoing complaints of excessive force, false arrests, false imprisonments and malicious prosecution;

      e.     Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of their police departments;

      f.     Failure to prevent plaintiff from being injured by its officers where defendant knew or had reason to know of the conduct of said police officers;

      g.     Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

      h.     Failing to provide adequate guidance, including police directives, as to when it is inappropriate to arrest and prosecute persons and how to handle evidence in criminal prosecutions;

      i.     Having a policy and instructing its officers to complete arrests out of view of the video recording system of the police car, in order to avoid documenting the use of excessive force by its officers;

      j.     Otherwise acting without due regard for the rights, safety and position of plaintiff herein, in accordance with the laws of the Commonwealth of Pennsylvania.

      72.     Plaintiff believes and therefore avers that defendants, Slonaker and Kamnik, and the Pennsylvania State Police, have a custom, policy and/or practice of failing to properly investigate matters in which police officers use unreasonable force and falsely arrest and/or imprison individuals and maliciously prosecute, without probable cause, which allows for and results in an encouragement to officers within the police department to continue doing the same, and creates policies, practices and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for the allowance of unreasonable force, false arrest and imprisonments and malicious prosecution by members of the Pennsylvania State Police, without fear of punishment.

      73.     The defendants have been aware of the aforesaid described policies, customs and practices for a substantial period of time and despite knowledge of the illegal policies, customs and practices as described above  by the supervisory and policy making officers and officials,

failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant police officers and detectives, who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and practices described to the deliberate indifference of the constitutional rights of the citizens of Montgomery County, Pennsylvania.

74.     By failing to take action to stop or limit the policies and/or by remaining deliberately indifference to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, the aforementioned defendants condoned, acquiesced in, participated in and perpetrated the policies, customs and/or practices in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Laws of the Commonwealth of Pennsylvania and the Juvenile Act.

75.     As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Kamnik, Slonaker and the Pennsylvania State Police, the plaintiff suffered injuries described above.

WHEREFORE, pursuant to 42 USC §1983 and §1988, plaintiff, Michael E. Lockhoff, demands compensatory damages against defendants, Isaiah Slonaker, IV, Stephen M. Kamnik and the Pennsylvania State Police, in an amount sufficient to adequately and fairly compensate plaintiff and punish and deter such conduct on the part of defendants, along with interest, attorney's fees and delay damages.

COUNT IV

Plaintiff v. all Defendants

Civil Conspiracy

76.     Paragraphs 1 through 75 are incorporated herein by reference and made paragraph 75.

77.     Defendants, and each of them, maliciously and without just cause or excuse and with willful intent to injure plaintiff, conspired among themselves and with others to deprive plaintiff, directly and indirectly, of the equal protection, privileges, immunities and rights

guaranteed under the law. The defendants entered into an agreement or meeting of the minds to have plaintiff subjected to excessive force, illegally arrested, imprisoned and maliciously prosecuted.

78.     The object and consequence of this conspiracy was to cause injury to plaintiff's person and their property and the infliction of humiliation, distress and emotional damage and ruin.

79.     As a direct and proximate result of the agreement between the aforementioned defendants, plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and Laws of the Commonwealth of Pennsylvania and the Juvenile Act were violated and he suffered emotional harm and substantial economic loss.

80.     The defendants made a clear, deliberate and concerted effort to move plaintiff out of the view of the dash cam video system, manhandle, assault and illegally arrest plaintiff at the rear of the state police vehicle in clear violation of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, the Laws of the Commonwealth of Pennsylvania and the Juvenile Act and plaintiff suffered emotional and physical harm.

WHEREFORE, plaintiff, Michael E. Lockhoff, demand judgment, as follows:

        a.     compensatory damages;

        b.     punitive damages;

        c.     reasonable attorney's fees and costs of suit; and

        d.     such other relief as your Honorable Court may deem just and proper to make plaintiff whole and necessary to ensure no further damages by defendants, judgment in his favor and against all defendants on this fourth count.

18

<u>COUNT V</u>

Plaintiff v. all Defendants

<u>Intentional Infliction of Emotional Distress</u>

81.    Paragraphs 1 through 80 are incorporated herein by reference and made paragraph 80.

82.    Defendants' conduct, as more fully set forth in this complaint, intended to and did inflict severe emotional distress upon plaintiff. In addition, defendants acted with a reckless disregard for the probability of causing emotional distress to plaintiff, especially considering that at the time of the outrageous acts, plaintiff was a minor.

83.    Plaintiff believes and therefore avers that the defendants, Kamnik and Slonaker, through their actions, as more fully set forth in the proceeding paragraphs of this Complaint, did inflict serious emotional distress upon plaintiff in an intentional and/or reckless manner.

84.    The above described malicious, intentional and/or reckless acts and omissions of defendants, Kamnik and Slonaker and the Pennsylvania State Police, were so outrageous, atrocious and completely intolerable in a civilized society and went beyond all possible bounds of decency.

85.    As a direct and proximate result of the outrageous acts and omissions, conduct, use of threats and force by defendants, plaintiff has become physically distraught, sustained shock to his nervous system and suffered severe emotional distress, as resulting in damages to said plaintiff.

86.    The above-mentioned malicious, intentional and/or reckless acts and omissions of defendants have caused and continue to cause the plaintiff's severe emotional distress, anxiety and fear.

87.    The above-described actions of defendants were so malicious and intentional and displayed such a reckless indifference to plaintiff's rights and his well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Michael E. Lockhoff, demands compensatory and punitive damages against defendants Kamnik and Slonaker and the Pennsylvania State Police, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, as a

result of the extreme and outrageous conduct, which was intentionally and recklessly caused to plaintiff, resulting in emotional harm, physical injury and scarring in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

COUNT VI

State Law

Assault and Battery

Plaintiff v. All Defendants

88.     Paragraphs 1 through 87 are incorporated herein by reference and made paragraph 87.

89.     Defendants Kamnik and Slonaker wrongfully and unlawfully assaulted and battered the plaintiff, as more particularly described hereinabove.

90.     Plaintiff specifically complains of the conduct of defendants, Kamnik and Slonaker, in physically abusing, choking, pushing, grabbing, punching, kicking, stomping and throwing the plaintiff, Michael E. Lockhoff.

91.     The above-described actions of defendant placed the plaintiff in reasonable fear of imminent bodily harm and resulted in the plaintiff unlawfully and improperly assaulted and abused against his will.

92.     As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Kamnik and Slonaker, the plaintiff suffered injuries which are described above.

93.     The above-described actions of defendants, Kamnik and Slonaker, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff demanded compensatory and punitive damages against the defendants, Kamnik and Slonaker, jointly and/or severally, for the common law tort of assault and battery in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

## COUNT VII

### §1983 – Malicious Prosecution

### Lockhoff v. Kamnik and Slonaker

94.     Paragraphs 1 through 93 are incorporated herein by reference and made paragraph 93.

95.     As aforementioned, Kamnik and Slonaker, acting within the scope of their employment, under the Color of State Law, and pursuant to the customs, policies and/or practices of the defendant, Pennsylvania State Police, intentionally and maliciously prosecuted plaintiff without probable cause on the aforementioned occasion, violating plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

96.     Defendants, Kamnik and Slonaker, and their conduct in causing plaintiff to be maliciously prosecuted on the aforementioned occasion was the proximate cause of plaintiff's damages, including but not limited to physical injury emotional damage and economic damage.

97.     Defendant Kamnik fabricated numerous offenses, all of which were dismissed and never even brought to prosecution in Juvenile Court.

WHEREFORE, plaintiff demands compensatory and punitive damages against defendants, Kamnik and Slonaker, for violating his Fourth and Fourteenth Amendment right to be free from malicious prosecution and her rights under the laws of the Commonwealth of Pennsylvania and the Juvenile Code to be free from malicious prosecution in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

## COUNT VIII

### State Law – Malicious Prosecution

### Lockhoff v. Kamnik & Slonaker

98.     Paragraphs 1 through 97 are incorporated herein by reference and made paragraph 97.

99.     As described above, defendants Kamnik and Slonaker, intentionally, maliciously and without probable cause, caused the plaintiff to be subjected to criminal proceedings.

100.    The above-mentioned criminal proceedings resulted in all charges filed against plaintiff by defendants being dismissed against him.

101.    As a direct and proximate result of the malicious and intentional actions of defendants, the plaintiff suffered injuries and damages which are described above.

102.    The above described actions of defendants were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff demands compensatory and punitive damages against defendants Kamnik and Slonaker, jointly and/or severally, for the common law tort of malicious prosecution, in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

## REQUEST FOR RELIEF AND JURY TRIAL DEMANDED

Plaintiff, Michael E. Lockhoff, further request that your Honorable Court:

a.    Issue a declaratory judgment that the defendants' acts, actions, policies and practices described herein violated the plaintiff's rights under the Constitutions and laws of the United States of America and the Commonwealth of Pennsylvania.

b.    Enjoin the defendants and their employees from again violating plaintiff's rights under the Constitutions and laws of the United States of America and the Commonwealth of Pennsylvania.

c.    Award compensatory damages against all defendants and each of them, jointly and severally, in an amount to exceed one hundred fifty thousand ($150,000.00) dollars.

d.    Award punitive damages against all defendants in an amount which is deemed just, fair and equitable under the facts and circumstances of the case;

e.    Award Costs of this action, including attorney's fees and interest to plaintiff; and

f.      Award such other and further relief as this Court may deem appropriate.

A jury trial is demanded.


Respectfully submitted,

LEE D. MESCOLOTTO, Esquire
Attorney for Plaintiff

## VERIFICATION

I verify that the statements made in the foregoing document are true and correct. I understand that false statements herein are made subject to the penalties of 18 PaSCA §4904 relating to unsworn falsification to authorities.

_Michael E. Lockhoff, Plaintiff_